

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY - 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SONNY DEAN LEMOS,                    )    Case No. CV 08-2759-PSG (RNB)
                                     )
              Petitioner,            )
                                     )    ORDER TO SHOW CAUSE
        vs.                          )
                                     )
JOHN C. MARSHALL, Warden,            )
                                     )
              Respondent.            )
_____)

On April 2, 2008, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein.[1]  The Petition purports to be directed to a conviction sustained by petitioner in Ventura County Superior Court in 1991. (See Pet. at ¶ 2). Petitioner was convicted following a jury trial of three counts of forcible rape while acting in concert, five counts of forcible oral copulation while acting in concert, two counts of attempted rape by foreign object while acting in concert, and three counts of attempted forcible rape while acting in concert.  (See Attached Petition at 5-6).  He subsequently was sentenced to an aggregate term of 45

---

[1]    April 2, 2008 is the proof of service date.  The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

1

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED:        5/2/08

DEPUTY CLERK

1 | years and 6 months in state prison with an order that he be housed in the custody of
2 | the Youth Authority until age 25. (See id. at 6).

3 |     Petitioner is claiming that his sentence was illegal and unauthorized under
4 | California law, and specifically that the sentence did not comport with Cal. Penal
5 | Code § 1170.1 or Cal. Penal Code § 654. (See Memorandum of Points and
6 | Authorities in Support of Petition ("Pet. Mem." at 1-8).

7 |     It appears to the Court from its review of the Petition, the Attached Petition, the
8 | supporting Memorandum of Points and Authorities, and petitioner's accompanying
9 | "Motion to Entertain Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254"
10 | ("Motion") that the Petition suffers from the two fatal deficiencies that are discussed
11 | below. Accordingly, on or before June 2, 2008, petitioner is ordered to show cause
12 | in writing, if any he has, why the Court should not recommend that this action be
13 | summarily dismissed with prejudice on one or both of these grounds.

14 |

15 | **A.     The Petition is time-barred.[2]**

16 |     Since the Petition was filed after the President signed into law the
17 | Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24,
18 | 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28
19 | U.S.C. § 2244(d). See Calderon v. United States District Court for the Central
20 | District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied,

21 |
22 |
23 | _____

24 |     [2]    The Ninth Circuit has held that the district court has the authority to raise
the statute of limitations issue *sua sponte* when untimeliness is obvious on the face
25 | of the Petition and to summarily dismiss a habeas petition on that ground pursuant to
26 | Rule 4 of the Rules Governing Section 2254 Cases in the United States District
Courts, so long as the Court "provides the petitioner with adequate notice and an
27 | opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004);
28 | Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

522 U.S. 1099 and 523 U.S. 1061 (1998).[3]  28 U.S.C. § 2244(d) provides:

> "(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

//

//

//

//

---

[3]    Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

1    Here, it appears from the face of the Petition that "the date on which the
2    judgment became final by conclusion of direct review or the expiration of the time
3    for seeking such review" was sometime in 1993, long before the enactment of the
4    AEDPA. (See Pet. at ¶ 4.c; see also Attached Petition at 7). Moreover, given the
5    nature of petitioner's sentencing error claims, it does not appear that any of the other
6    "trigger" dates under 28 U.S.C. § 2244(d)(1) apply here. See Hasan v. Galaza, 254
7    F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a
8    prisoner "knows (or through diligence could discover) the important facts, not when
9    the prisoner recognizes their legal significance"). Thus, unless a basis for tolling the
10   statute existed, petitioner's last day to file his federal habeas petition with respect to
11   his sentencing error claims was April 24, 1997. See Patterson v. Stewart, 251 F.3d
12   1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

13       28 U.S.C. § 2244(d)(2) provides:

14       "The time during which a properly filed application for State post-
15       conviction or other collateral review with respect to the pertinent judgment or
16       claim is pending shall not be counted toward any period of limitation under
17       this subsection."

18

19   In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104
20   (2000), the Ninth Circuit construed the foregoing tolling provision with reference to
21   California's post-conviction procedures. The Ninth Circuit held that "the statute of
22   limitations is tolled from the time the first state habeas petition is filed until the
23   California Supreme Court rejects the petitioner's final collateral challenge." See id.
24   at 1006. Accord Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
25   2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's
26   application for collateral review remains "pending" during the intervals between the
27   time a lower state court denies the application and the time the petitioner files a
28   further petition in a higher state court). However, the statute of limitations is not

4

1   tolled during the interval between the date on which the judgment of conviction
2   became final and the filing of the petitioner's first collateral challenge. See Nino,
3   183 F.3d at 1006.

4       Here, it appears from the face of the Petition that petitioner's first collateral
5   challenge was the Ventura County Superior Court habeas petition that he filed on
6   June 18, 2007. (See Pet. at ¶ 6.a; see also Attached Petition at 7). By then, the
7   federal filing deadline for petitioner's sentencing error claims already had long lapsed
8   and could not be reinitiated. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th
9   Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period
10  that has ended before the state petition was filed," even if the state petition was timely
11  filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.
12  2001), cert. denied, 538 U.S. 949 (2003); Wixom v. Washington, 264 F.3d 894, 898-
13  99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

14      In Beeler, the Ninth Circuit further held that the timely filing of a habeas
15  petition was not jurisdictional, but rather was subject to equitable tolling.  The
16  limitations period, however, could be equitably tolled only if "'extraordinary
17  circumstances' beyond a prisoner's control make it impossible to file a petition on
18  time." See Beeler, 128 F.3d at 1287-89; see also Miles v. Prunty, 187 F.3d 1104,
19  1107 (9th Cir. 1999). As the Supreme Court reiterated in Pace v. DiGuglielmo, 544
20  U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005), the two requirements for
21  equitable tolling are "(1) that [the petitioner] has been pursuing his rights diligently,
22  and (2) that some extraordinary circumstance stood in his way," and petitioner bears
23  the burden of establishing his entitlement to equitable tolling. See also, e.g., Gaston
24  v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda v. Castro, 292
25  F.3d 1063, 1065 (9th Cir. 2002).
26  //
27  //
28  //

1    Here, petitioner contends in the Motion that he is entitled to equitable tolling

2  based on the alleged fact that he "had been without his record transcripts for nearly

3  14 years," and that "it was only in mid-2007 that he finally managed to obtain a very

4  limited portion of his record--namely, his probation report and sentencing transcript"

5  and thus became able to present his sentencing error claims. (See Motion at 7).

6  However, in his declaration accompanying the Motion, petitioner admits that the

7  record transcripts were forwarded to him in the latter part of 1993, after his

8  conviction became final, and that the transcripts only became "misplaced/lost" at

9  some unspecified time thereafter because petitioner had entrusted the transcripts to

10 fellow inmates. (See Declaration at ¶¶ 2-3). Entrusting his record transcripts to

11 fellow inmates hardly qualifies as an extraordinary circumstance beyond petitioner's

12 control. Rather, entrusting his transcripts to fellow inmates and thereby assuming the

13 risk that the transcripts could be misplaced or lost was a matter entirely within

14 petitioner's control. It therefore does not appear to the Court that petitioner can make

15 the requisite showing for equitable tolling.

16

17 **B.    The Petition fails to state a claim cognizable on federal habeas review.**

18    Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is

19 contending that he is in custody in violation of the Constitution or laws or treaties of

20 the United States. Here, petitioner's sentencing error claims involve solely the

21 interpretation and/or application of state sentencing law, and it is well established that

22 such sentencing error claims are not cognizable on federal habeas review. See, e.g.,

23 Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Cacoperdo v. Demosthenes, 37

24 F.3d at 504, 507 (9th Cir.), cert. denied, 514 U.S. 1026 (1995); Hendricks v. Zenon,

25 993 F.2d 664, 674 (9th Cir. 1993); see also Sturm v. California Adult Authority, 395

26 F.2d 446, 448 (9th Cir. 1967) (observing that "a state court's interpretation of its

27 [sentencing] statute does not raise a federal question"), cert. denied, 395 U.S. 947

28 (1969).    Nor is petitioner's characterization of his sentence as illegal and

6

unauthorized by state law sufficient to render petitioner's claims cognizable under 28 U.S.C. § 2254(a) because every sentencing error claim could be so characterized.[4] Indeed, insofar as petitioner is contending that his sentence did not comport with Cal. Penal Code § 654, the Ninth Circuit has held that such a claim fails to state a basis for federal habeas relief. See Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989); see also, e.g., Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law"); Cacoperdo, 37 F.3d at 507 (rejecting a federal due process challenge to the imposition of consecutive sentences because "[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and

---

[4]    The Court notes that the federal cases cited by petitioner in support of his contention that his sentencing error claims are cognizable (see Pet. Mem. at 1-3) for the most part involved challenges to federal sentences and therefore have no bearing on the issue of whether collateral challenges to state courts' application of their own sentencing statutes are cognizable under 28 U.S.C. § 2254(a). Moreover, it is clear from Stiltner v. Rhay, 258 F. Supp. 487 (E.D. Wash. 1965) that petitioner is confusing the issue of whether the state court misapplied its own sentencing law with the issue of whether the state court lacked authority under the letter of its sentencing statutes to impose a particular sentence. In Stiltner, one of the state sentencing statutes in question provided for punishment in the state penitentiary "for not less than five years" for the petitioner's crime of conviction. The other state sentencing statute required that the state court fix the maximum punishment, and required the maximum term of punishment be fixed at not less than twenty years if the law did not provide a maximum for the crime of conviction (as it did not for the petitioner's crime of conviction). The district court held that the habeas petitioner could not challenge the part of his sentence imposing a maximum confinement of twenty years, since that part of his sentence involved solely the construction and application of the state statute; however, the petitioner could challenge the part of his sentence imposing a minimum term of five years because the sentencing statute on its face required that the court fix a maximum term but did not authorize the court to fix a minimum term. See id. at 490-91.

7

is not within the purview of federal habeas corpus"); <u>Hendricks,</u> 993 F.2d at 674 (rejecting as noncognizable a petitioner's federal due process challenge to the trial court's failure to merge, for purposes of sentencing, his kidnapping for robbery conviction with his attempted murder or rape convictions).

DATED: <u>May 1, 2008</u>

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE